Filed 10/6/20  P. v. Wilson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B297979 |
| | (Super. Ct. No. BA470738) |
| Plaintiff and Respondent, | (Los Angeles County) |
| | |
| v. | |
| | |
| DARRYL L. WILSON, | |
| | |
| Defendant and Appellant. | |

Darryl L. Wilson appeals a judgment of conviction entered after he pleaded nolo contendere to first degree residential burglary and admitted that he suffered a prior serious felony and strike conviction.  (Pen. Code, §§ 459, 667, subd. (a), 667, subds. (b)-(d), 1170.12, subds. (a)-(d).)[1]  He challenges the trial court's order denying his motion to disclose a sealed search warrant affidavit, traverse and quash the search warrant, and suppress evidence.  (*People v. Hobbs* (1994) 7 Cal.4th 948, 956.)  Following

---

[1] All statutory references are to the Penal Code unless otherwise stated.

our independent review of the sealed search warrant affidavit and the search warrant, we affirm.

*FACTUAL AND PROCEDURAL HISTORY*

Pursuant to a sealed search warrant affidavit and search warrant, Torrance police officers placed a global positioning device (GPS) on a white Jeep Renegade. In the evening of August 21, 2018, police officers followed the Jeep as its occupants drove slowly through neighborhoods. The Jeep stopped on Ogden Drive and its two male occupants entered the Frank residence. Shortly thereafter, the men left the residence and returned to the Jeep and drove off immediately. A police officer checked the residence and found it had been ransacked. Police officers then effected a traffic stop on the Jeep. Wilson was the front seat passenger; he falsely identified himself to the officers. The driver of the Jeep was its female owner. The officers also found Frank's personal belongings inside the vehicle.

On August 23, 2018, the Los Angeles County prosecutor charged Wilson with first degree residential burglary, and false personation. (§§ 459, 529, subd. (a)(3).) The prosecutor also alleged that Wilson suffered two prior serious felony and strike convictions, and served two prior prison terms. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667, subd. (a), 667.5, subd. (b).)

Wilson later filed a motion to unseal, quash, and traverse the search warrant and to suppress evidence for lack of probable cause pursuant to the Fourth and Fourteenth Amendments and *People v. Hobbs*, *supra*, 7 Cal.4th 948, 956. He also requested that the trial court review the sealed search warrant affidavit in camera.

On February 23, 2015, the trial court held an in camera hearing outside Wilson's presence, during which it reviewed the

2

sealed search warrant affidavit and the search warrant. The court then denied Wilson's request to disclose the affidavit as well as his asserted constitutional challenges to the search warrant. The trial judge concluded: "[T]he court finds there were no material misstatements or omissions which would support a traversal motion. The court also reviewed the warrant and finds under the totality of the circumstances probable cause existed to issue the warrant. . . . [I]n reviewing the sealed portions of the warrant . . . [t]he court found there was sufficient probable cause for the issuance of the tracking device to be placed on the white Jeep [Renegade]."

*Plea, Conviction, and Sentencing*

Pursuant to a negotiated plea, Wilson waived his preliminary hearing and constitutional rights, pleaded nolo contendere to first degree residential burglary, and admitted two prior serious felony and strike convictions. The trial court sentenced Wilson to a second-strike prison term of 17 years, imposed a $400 restitution fine, a $400 parole revocation restitution fine (suspended), a $40 court security assessment, and a $30 criminal conviction assessment, and awarded him 506 days of presentence custody credit. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.) On the motion of the prosecutor, the court dismissed the remaining count and allegations.

Wilson appeals and contends that the trial court erred by denying his *Hobbs* motion. The parties request that we independently review the search warrant and the sealed search warrant affidavit pursuant to *People v. Hobbs, supra*, 7 Cal.4th 948, 976.

3

## DISCUSSION

The trial court may seal all or part of a search warrant affidavit if necessary to protect confidential information, such as the identity of an informant. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 971.) In such cases, where the defendant moves to traverse or quash the search warrant, the court is required to conduct an in camera hearing. (*Id.* at p. 972.) The court must then determine whether there are sufficient grounds for maintaining the confidential information and the extent of the sealing necessary to preserve the confidentiality. (*Ibid.*) We independently review the court's decision regarding sealing of the affidavit and apply an abuse-of-discretion standard to the court's decision. (*Id.* at p. 976; *People v. Martinez* (2005) 132 Cal.App.4th 233, 241-242.)

If the trial court determines that all or part of the search warrant affidavit was properly sealed, it must decide if defendant's motion to traverse has merit, i.e., whether there is a reasonable probability the affidavit includes a false statement made knowingly and intentionally or with reckless disregard of the truth, and whether the false statement is necessary to the finding of probable cause. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 974.) If not, the court must so inform the defendant and deny the motion. (*Ibid.*) If the court determines there is a reasonable probability that the defendant will prevail on the motion, the prosecutor must be given the option to either disclose the sealed materials or suffer the entry of an adverse order on the motion to traverse. (*Id.* at pp. 974-975.)

If the defendant has also moved to quash the search warrant, the trial court must determine whether, under the totality of the circumstances, there is a fair probability that

4

contraband or evidence of a crime would be found in the place searched pursuant to the warrant. (*People v. Hobbs, supra*, 7 Cal.4th 948, 975.) If the court determines there was such probable cause, it should so inform the defendant and deny the motion. (*Ibid.*) If it determines there is a reasonable probability the defendant will prevail on his motion, the prosecutor must either disclose the sealed materials to the defense or suffer the entry of an adverse order on the motion to quash. (*Ibid.*)

At Wilson's request, we have reviewed the sealed search warrant affidavit and search warrant pursuant to *People v. Hobbs, supra*, 7 Cal.4th 948, 972.[2] We conclude that sufficient grounds exist to maintain the confidentiality of the information contained therein, and that sealing was necessary for that purpose. Thus, the trial court did not err by denying Wilson's request to disclose the search warrant affidavit.

The trial court also did not err by denying the motions to traverse and quash the search warrant. The sealed affidavit did not contain any material misrepresentations or omissions and provided probable cause to search the Jeep Renegade. (*People v. Sandoval* (2015) 62 Cal.4th 394, 409 [statement of rule that a defendant can challenge a search warrant by showing that the affiant deliberately or recklessly omitted material facts that negate probable cause when added to the affidavit]; *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 369-370 [statement of rule that probable cause for issuance of a warrant

---

[2] We have augmented the appellate record to include the search warrant and the affidavit in support of the search warrant. (Cal. Rules of Court, rule 8.155(a)(1)(A).) There has been a delay in obtaining the augmentation due in part to the Covid-19 pandemic, circumstances beyond the court's control.

requires a showing that it is substantially probable there is specific property lawfully subject to seizure presently located in the particular place for which the warrant is sought].)

The judgment (order) is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

Deborah S. Brazil, Judge

Superior Court County of Los Angeles

_____

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.